# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA

Name of Debtor:                                      Case No.
**Jason John Anderson**
**Jodi Noel Anderson**

Last four digits of Soc. Sec. No.:    **xxx-xx-1350**
Last four digits of Soc. Sec. No.:    **xxx-xx-2657**

## CHAPTER 13 PLAN

### Section 1. Notices

**1.01.**    **Use of this form is mandatory.** The Bankruptcy Court of the Eastern District of California requires the use of this local form chapter 13 plan in lieu of any national form plan. This Plan shall be filed as a separate document.

**1.02.**    **Nonstandard provisions.** Any nonstandard provision is in section 7 below. If there are nonstandard provisions this box must be checked ■. A nonstandard provision will be given no effect unless this section indicates one is included in section 7 and it appears in section 7.

**1.03.**    **No alterations to form plan permitted.** Other than to insert text into designated spaces, expand tables to include additional claims, or to change the plan title to indicate the date of the plan or that it is a modified plan, the preprinted text of this form shall not be altered. No such alteration will be given any effect.

**1.04.**    **Valuation of collateral and lien avoidance requires a separate motion.** Unless there is a nonstandard provision in section 7 requesting such relief, the confirmation of this plan will not limit the amount of a secured claim based on a valuation of the collateral for the claim, nor will it avoid a security interest or lien. This relief requires a separate claim objection, valuation motion, or lien avoidance motion that is successfully prosecuted in connection with the confirmation of this plan.

**1.05.**    **Separate notice of confirmation hearing.** You will receive a separate notice of the date, time, and location of a hearing to confirm this plan and of the deadline to object to its confirmation. In the absence of a timely written objection, the plan may be confirmed without a hearing. It will be effective upon its confirmation.

### Section 2. Plan Payments and Plan Duration

**2.01**    **Monthly plan payments.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $ __**1,650.00**__ from future earnings. This monthly plan payment is subject to adjustment pursuant to section 3.07(b)(2) below and it must be received by Trustee not later than the 25th day of each month beginning the month after the order for relief under chapter 13. The monthly plan payment includes all adequate protection payments due on Class 2 secured claims.

**2.02.**    **Other payments.** In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: ____.

**2.03.**    **Duration of payments.** The monthly plan payments will continue for __**60**__ months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event shall monthly payments continue for more than 60 months.

### Section 3. Claims and Expenses

#### A. Proofs of Claim

**3.01.**    With the exception of the payments required by sections 3.03, 3.07(b), 3.10, and 4.01, a claim will not be paid pursuant to this plan unless a proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**3.02.**    The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless

       the court's disposition of a claim objection, valuation motion, or lien avoidance motion affects the amount or classification of the claim.

**3.03.** Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

## B. Administrative Expenses

**3.04.** **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments by Debtor on Class 4 claims, executory contracts and unexpired leases, and obligations of the kind described in section 3.03.

**3.05.** **Debtor's attorney's fees.** Debtor's attorney of record was paid $__2,690.00__ prior to the filing of the case. Subject to prior court approval, additional fees of $__12,000.00__ shall be paid through this plan. Debtors' attorney will seek the court's approval by [*choose one*]: ☐ complying with Local Bankruptcy Rule 2016-1(c); or ■ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017 [if neither alternative is selected, the attorney shall comply with the latter].

**3.06.** **Administrative expenses.** In accordance with sections 5.02 and 5.03 below, $**1,333.33** of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

## C. Secured Claims

**3.07.** **Class 1 includes all delinquent secured claims that mature after the completion of this plan, including those secured by Debtor's principal residence.**

    **(a) Cure of defaults.** All arrears on Class 1 claims shall be paid in full by Trustee. The equal monthly installment specified in the table below as the "arrearage dividend" shall pay the arrears in full.

        **(1)** Unless otherwise specified below, interest will accrue at the rate of 0%.

        **(2)** The arrearage dividend must be applied by the Class I creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

    **(b) Maintaining payments.** Trustee shall maintain all post-petition monthly payments to the holder of each Class 1 claim whether or not this plan is confirmed or a proof of claim is filed.

        **(1)** Unless subpart (b)(1)(A) or (B) of this section is applicable, the amount of a post-petition monthly payment shall be the amount specified in this plan.

            **(A)** If the amount specified in the plan is incorrect, the Class 1 creditor may demand the correct amount in its proof of claim. Unless and until an objection to such proof of claim is sustained, the trustee shall pay the payment amount demanded in the proof of claim.

            **(B)** Whenever the post-petition monthly payment is adjusted in accordance with the underlying loan documentation, including changes resulting from an interest rate or escrow account adjustment, the Class 1 creditor shall give notice of the payment change pursuant to Fed. R. Bankr. P. 3002.1(b). Notice of the change shall not be given by including the change in a proof of claim. Unless and until an objection to a notice of payment change is sustained, the trustee shall pay the amount demanded in the notice of payment change.

        **(2)** If a Class 1 creditor files a proof of claim or a notice of payment change pursuant to Fed. R. Bankr. P. 3002.1(b) demanding a higher or lower post-petition monthly payment, the plan payment shall be adjusted accordingly.

Software Copyright (c) 1996-2019 Best Case,LLC - www.bestcase.com      Best Case Bankruptcy

**(3)** If Debtor makes a partial plan payment that is insufficient to satisfy all post-petition monthly payments due each Class 1 claim, distributions will be made in the order such claims are listed below.

**(4)** Trustee will not make a partial distribution on account of a post-petition monthly payment.

**(5)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition monthly payment, Debtor's cure of this default shall include any late charge.

**(6)** If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges pursuant to Fed. R. Bankr. P. 3002.1(c), Debtor shall modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

**(7)** Post-petition monthly payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim was current and no arrearage existed on the date the case was filed.

**(c) No claim modification and lien retention.** Each Class 1 creditor shall retain its lien. Other than to cure of arrears, this plan does not modify Class 1 claims.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears | Arrearage Dividend | Post-Petition Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |
| | | | Totals: $0.00 | $0.00 |

**3.08.** **Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.**

**(a) Payment of claim.** Subject to section 3.08(c), the "monthly dividend" payable to each Class 2A and 2B claim is an equal monthly payment sufficient to pay each claim in full with interest at the rate specified below. If no interest rate is specified, a 5% rate will be imputed.

**(b) Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each Class 2(A) and 2(B) claim secured by a purchase money security interest in personal property an adequate protection payment if required by section 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with the customary month-end disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

**(c) Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, except as noted below, Debtor may reduce the claim amount to the value of the collateral securing it by filing, serving, setting for hearing, and prevailing on a motion to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of its collateral, the failure to successfully prosecute a valuation motion in conjunction with plan confirmation may result in the denial of confirmation.

**(1) Class 2 claims that cannot be reduced based on value of collateral.** Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred within 1-year of the filing of the case and is secured by any other thing of value. These claims must be included in Class 2(A).

**(2) Class 2 claims that may be reduced based on the value of their collateral** shall be included in Class 2(B) or 2(C) as is appropriate.

**(3) Class 2 claims secured by Debtor's principal residence.** Except as permitted by 11 U.S.C. § 1322(c), Debtor is prohibited from modifying the rights of a holder of a claim secured only by Debtor's principal residence.

**(d) Lien retention.** Each Class 2 creditor shall retain its existing lien until completion of the plan and, unless not required by Bankruptcy Court, entry of Debtor's discharge.

| Class 2 Creditor's Name and description of collateral | Purchase Money Security Interest personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| **Class 2 (A) claims not reduced based on value of collateral** | | | | | |
| 1. Wheels Financial Group, LLC; dba LoanMar / 2011 Toyota Camry Sedan 4D 94,000 miles Good Condition. VIN: 4T1BF3EKXBU595918 | N | 4,794.54 | | 6.00% | 92.69 |
| 2. State of California / 2002 Mitsubishi Montero Sport ES 130,000 miles Poor Condition. Vehicle does not run, scrap value. VIN: JA4LS21H62J063151 | N | 456.25 | | 6.00% | 8.82 |
| | | | | Total $ | **101.51** |
| **Class 2 (B) are claims reduced based on value of collateral** | | | | | |
| -NONE- | | | | | |
| | | | | Total $ | **0.00** |
| **Class 2 (C) are claims reduced to $0 based on value of collateral** | | | | | |
| -NONE- | | | | | |
| | | | | Total $ | **0.00** |

**3.09. Class 3 includes all secured claims satisfied by the surrender of collateral.**

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| -NONE- | | |

**3.10. Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default, and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not a proof of claim is filed or the plan is confirmed.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|
| -NONE- | | |

**3.11. Bankruptcy stays.**
**(a)** Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11 U.S.C. § 1301(a) are (1) terminated to allow the holder of a Class 3 secured claim to exercise its rights against its collateral; (2) modified to allow the holder of a Class 4 secured claim to exercise its rights against its collateral and any nondebtor in the event of a default under applicable law or contract; and (3) modified to allow the nondebtor party to an unexpired lease that is in default and rejected in section 4 of this plan to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor.

**(b)** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. While this may be cause to terminate the automatic stay, such relief must be separately requested by the claim holder.

**(c)** If, after confirmation of the plan, the court grants a motion to terminate the automatic stay to permit a Class 1 or 2 claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such claim and any portion of such claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7

unsecured claim subject to the filing of a proof of claim.

**D. Unsecured Claims**

3.12. **Priority claims.** Class 5 consists of unsecured claims entitled to priority pursuant to 11 U.S.C. § 507, such as taxes, approved administrative expenses, and domestic support obligations.

(a) Priority claims other than domestic support obligations will be paid in full except to the extent the claim holder has agreed to accept less. When the claim holder has agreed to accept less than payment in full, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(b) Priority claims that are domestic support obligation shall be paid in full except to the extent 11 U.S.C. § 1322(a)(4) is applicable. When section 1322(a)(4) is applicable, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

(c) Debtor estimates that all priority claims, not including those identified in section 7, total $**0.00**

3.13. **Class 6 includes designated nonpriority unsecured claims,** such as co-signed unsecured debts, that will be treated differently than the other nonpriority unsecured claims provided for in Class 7. The claim holder of each Class 6 claim and the treatment of each claim shall be specified in section 7, the Nonstandard Provisions.

3.14. **Class 7 consists of all other nonpriority unsecured claims** not provided for in Class 6. These claims will receive no less than a __100__ % dividend. These claims, including the under-collateralized portion of secured claims not entitled to priority, total approximately $__69,727.66__.

### Section 4. Executory Contracts And Unexpired Leases

4.01. Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation of this plan and whether or not a proof of claim is filed, all post-petition monthly payments required by the lease or contract. Unless a different treatment is required by 11 U.S.C. § 365(b)(1) and is set out in section 7, the Nonstandard Provisions, pre-petition arrears shall be paid in full. Trustee shall pay the monthly dividend specified in the table below on account of those arrears.

4.02. Any executory contract or unexpired lease not listed in the table below is rejected.

| Name of Other Party to Executory Contract/Unexpired Lease | Post-Petition Monthly Payment | Pre-petition Arrears | Arrearage Dividend |
|---|---|---|---|
| -NONE- | | | |
| | | Total | $**0.00** |

### Section 5. Payment of Claims and Order of Distribution

5.01. After confirmation, payments by Trustee to holders of allowed claims and approved expenses will be made monthly.

5.02. **Distribution of plan payment.**

(a) At a minimum, each monthly plan payment must be sufficient to pay in full: (i) Trustee's fees; (ii) post-petition monthly payments due on Class 1 claims; (iii) the monthly dividend specified in section 3.06 for administrative expenses; and (iv) the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims.

(b) If the amount paid by Debtor is insufficient to pay all of the minimum dividends required by section 5.02(a), Trustee shall pay, to the extent possible, such fees, payments, expenses, and claims in the order specified in section 5.02(a)(i) through (iv). If the amount paid by Debtor is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of section 5.02(a), no dividend shall be paid on account of any of the fees, payments, expenses, and claims within such subpart except as permitted by section 3.07(b)(3).

(c) Each month, if funds remain after payment of all monthly dividends due on account of the fees, payments, expenses, and claims specified in section 5.02(a)(i) through (iv), the remainder shall be paid pro rata, first to holders of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims; second to Class 5 priority claims; third to Class 6 unsecured claims; and fourth to Class 7 unsecured claims.

(d) Over the plan's duration, distributions must equal the total dividends required by sections 3.04, 3.06, 3.07, 3.08, 3.12, 3.13, 3.14, and 4.01. The case may be dismissed if Debtor's plan payments are or will be insufficient to pay these dividends.

**5.03.** **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 3.06 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by 11 U.S.C. § 1326(b)(3)B), and second to holders of approved administrative expenses on a pro rata basis.

### Section 6. Miscellaneous Provisions

**6.01.** **Vesting of property.** Property of the estate **[choose one]** shall ☐ shall not ■ revest in Debtor upon confirmation of the plan. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**6.02.** **Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code, the Bankruptcy Rules, and applicable nonbankruptcy law, the court's Local Bankruptcy Rules impose additional duties on Debtor, including without limitation, obtaining prior court authorization prior to transferring property or incurring additional debt, maintaining insurance, providing Trustee copies of tax returns, W-2 forms, 1099 forms, and quarterly financial information regarding Debtor's business or financial affairs, and providing Trustee not later than the 14 days after the filing of the case with the Domestic Support Obligation Checklist for each domestic support obligation and a Class 1 Checklist and Authorization to Release Information for each Class 1 claim.

**6.03.** **Post-Petition claims.** If a proof of claim is filed and allowed for a claim of the type described in 11 U.S.C. § 1305(a), this plan may be modified to provide for such claim.

**6.04.** **Remedies upon default.** If Debtor defaults under this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral.

### Section 7. Nonstandard Provisions

Debtor may propose nonstandard provisions that modify the preprinted text of this form plan. All nonstandard plan provisions shall be on a separate piece of paper appended to this plan. Each nonstandard provision shall be identified by a section number beginning with section 7.01 and indicate which section(s) of the form plan are modified by the nonstandard provision. Nonstandard provisions placed elsewhere are void. The signatures below are certifications by Debtor and Debtor's attorney that this plan form has not been altered and that all nonstandard provisions are in section 7.

Dated: **November 11, 2019**          **/s/ Jason John Anderson**
                                      **Jason John Anderson**
                                      Debtor

Dated: **November 11, 2019**          **/s/ Jodi Noel Anderson**
                                      **Jodi Noel Anderson**
                                      Debtor

Dated: **November 11, 2019**  /s/ **Gabriel J. Waddell**
**Gabriel J. Waddell 256289**
Debtor's Attorney

## Section 7 - Nonstandard Provisions

**7.04 - The following section of the plan are modified and or expanded by the provisions set forth below: Administrative Expenses Section 3.05 & 3.06 and Distribution of Plan Payments Section 5.02:**

**(1) The amount stated in Section 3.06 of each monthly plan payment, shall be held by the Chapter 13 trustee for payment of Debtor Attorney Fees and Administrative Expenses described in sections 3.05 and 3.06, except when necessary to maintain as current the post-petition monthly payments to the holders of a Class 1 claim.**

**(2) Debtors counsel has elected in section 3.05 to be paid by filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017, therefore,**

**(a) Counsel shall file the 1st Application for Approval of Attorney Fees and Costs no later than the longer of 310 days after the order for relief or 180 days after plan confirmation.**

**(b) If debtors counsel fails to file the 1st fee application by the deadlines set forth above, the Chapter 13 trustee may release the funds held pursuant to paragraph 1 above to the creditors and in the order described in section 5.02 (c) of the plan.**

**(3) Pursuant to 11 U.S.C. Sec. 1322(a)(2), and In re Johnson, 344 B.R. 104 (BAP 9th Cir.2006), debtor and debtor's attorney agree that debtor's attorney fees and costs remaining unpaid upon completion of the case shall not be discharged and shall be paid directly by the debtor to counsel for the debtor before and/or after entry of the discharge, provided that all of the following conditions are satisfied: (1) debtor's attorney fees and costs are approved by the bankruptcy court pursuant to 11 U.S.C. Sec. 330, (2) based on the circumstances of the case, the court determines said fees and costs should be non-dischargeable, and (3) prior to submitting a fee application in which counsel is requesting that certain fees be non-dischargeable, counsel shall meet in person with the debtor to explain what fees are anticipated to be paid through the plan and what fees are anticipated to be paid following discharge.**